462 A.2d 228

**COMMONWEALTH of Pennsylvania, Appellee,**

**v.**

**Russell MADISON, Appellant.**

Supreme Court of Pennsylvania.

Submitted April 29, 1983.

Decided July 8, 1983.

488

Ronald Segal, Philadelphia (court-appointed), for appellant.

Robert B. Lawler, Chief, Appeals Div., David Da Costa, Asst. Dist. Attys., for appellee.

Before ROBERTS, C.J., and NIX, LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON and ZAPPALA, JJ.

## OPINION

McDERMOTT, Justice.

This is a direct appeal from a decision by the Court of Common Pleas of Philadelphia which imposed on appellant, Russell Madison, judgments of sentence for first degree murder and possession of an instrument of crime. We now affirm.[1]

On December 30, 1977, Philadelphia police were called to the scene of a homicide. While searching the premises they discovered the body of Luther Collins (hereinafter "victim") with a knife wound in the chest. Additional search produc-

1. Jurisdiction is vested in this Court pursuant to the Judicial Code, Act of July 9, 1976. P.L. 586, No. 142 § 2, 42 Pa.C.S.A. § 722.

ed a Christmas card bearing appellant's name found in the pocket of a raincoat laying near the body, a pay stub also found near the body bearing appellant's name and a knife covered with blood, later determined to be the murder weapon. On the basis of this information, the police visited appellant's home on January 17, 1978 at which time they were told by appellant's mother that he had recently been in a fight in which he had suffered injuries.

Police then began a search for appellant and were unable to find him in any of the various locations he was known to frequent. Later the same day, they approached appellant in another part of the city where he had apparently been attempting to evade arrest. Appellant was taken to police headquarters where he confessed to the crime and formal charges against him were prepared. Subsequently, two warrants were obtained; one to search appellant's residence and a second to search his person for blood, hair and fingernail samples.

Appellant's counsel objected to the warrant relating to appellant's person. As a result, a suppression hearing was convened on March 27 and 28, 1978. The suppression court found that, contrary to appellant's assertions, there was probable cause to support the arrest. However, appellant's confession, which he claimed had been coerced, was suppressed. In addition, a black cashmere coat identified as belonging to the victim and found on appellant's premises, was suppressed as the fruit of an invalid confession. For the same reason, the search warrant affecting appellant's residence was held invalid.

A jury trial commenced on July 5, 1978 and appellant was found guilty of first degree murder and possession of an instrument of crime. On December 7, 1979, motions for a new trial based on ineffective assistance of counsel were denied. Appellant was then sentenced to life imprisonment on the first degree murder conviction and 2½ to 5 years for possession of an instrument of crime. Appellant now raises numerous issues, each of which will be addressed separately.

Appellant first claims that the jury could not have reasonably inferred from the evidence presented that he possessed

490

specific intent to kill or that he committed first degree murder. Appellant asserts that the evidence only established his presence at the victim's residence on the day of the crime.

When sufficiency of the evidence claims are raised, an appellate court must review the evidence presented and all reasonable inferences drawn therefrom in a light most favorable to the verdict winner and determine whether on the record there is a sufficient basis to support the challenged conviction. *Commonwealth v. Pronkoskie,* 498 Pa. 245, 445 A.2d 1203 (1982); *Commonwealth v. Council,* 491 Pa. 434, 421 A.2d 623 (1980); *Commonwealth v. Hudson,* 489 Pa. 620, 414 A.2d 1381 (1980).

A review of the record in the instant matter, from the time of appellant's arrest through his trial, supports the lower court's conclusion that appellant's convictions were based on sufficient evidence. Probable cause to arrest was founded on the Christmas card and pay stub, each bearing appellant's name, which were discovered at the crime scene and on the admission by appellant's mother to police upon their arrival at her home that appellant had recently been injured in a fight. The murder weapon, a knife found near the victim's body, was discovered to have traces of type O blood smeared on the handle and appellant, who had wounds on his hands when arrested, was later determined to have type O blood. In addition, upon being apprehended appellant stated to police, "I'm glad it's over." Motion to Suppress Hearing, 3/27/78 at 68. At the suppression hearing, this statement was held admissible presumably because it was not coerced and it was made incident to an arrest supported by probable cause. Motion to Suppress Hearing, 3/28/78 at 198.

From this evidence, the jury could reasonably have inferred that appellant was present at the victim's residence, that he had been in a fight and that blood from his hands was found on the murder weapon. Moreover, specific intent to kill could reasonably have been inferred from the fact that medical evidence showed two wounds were inflicted on

the victim, one of which, located in the chest area, was fatal. *See Pronkoskie. See also Commonwealth v. Green,* 493 Pa. 409, 426 A.2d 614 (1981); *Commonwealth v. Gardner,* 490 Pa. 421, 416 A.2d 1007 (1980). Finally, consciousness of guilt may reasonably be inferred from the fact that an accused is attempting to elude the police, as occurred in the instant matter. *Commonwealth v. Whack,* 482 Pa. 137, 393 A.2d 417 (1978). Hence, applying the standard enunciated in *Pronkoskie* and its related line of cases, appellant's claims as to insufficiency of the evidence must fail.

Appellant next contends that defense counsel was ineffective for failing to spend enough time in trial preparation and in disregarding appellant's request to call one John Owens as a defense witness (also known as Joe, Barry or Darryl Wesley Owens. *See* N.T. Evidentiary Hearing, 5/2/79 at 8.18–8.19).

It is well-settled that on appeal, great weight is given to the lower court's findings as to the credibility of a witness in a post-conviction proceeding. *Commonwealth v. Lutz,* 492 Pa. 500, 424 A.2d 1302 (1981); *Commonwealth v. Sullivan,* 472 Pa. 129, 371 A.2d 468 (1977). Here, the trial court, during a post-conviction hearing at which defense counsel testified, found no basis to the claims of ineffectiveness and accepted trial counsel's explanations as true. Trial counsel testified that he described to appellant, in great detail, all developments of the proceedings before, during and after trial and he spent much time before trial discussing strategy and preparing appellant's defense. *See* N.T. Evidentiary Hearing, 2/14/79 at 13, 31, 33 and 50. Trial counsel further testified that appellant did not tell him anything about a potential defense witness named Owens. *See* N.T. Evidentiary Hearing, 2/14/79 at 47, 48. In view of the fact that there is no basis upon which to reject the conclusion of the post conviction hearing court that defense counsel testified truthfully, appellant's claims raising ineffective assistance of counsel must fail. *See Lutz; Sullivan.*

Appellant next claims that the prosecutor's closing remarks were improper because he made reference to the victim's black cashmere coat, an item of evidence that was

suppressed. The gravamen of this argument is that a reference to the coat, which the victim's son testified was missing, presented to the jury evidence relating to the charge of robbery, which had been dismissed. In connection with this argument, appellant further claims that the trial court erred when he instructed the jury on the elements of second degree or felony murder.

It is well-settled that where certain items of evidence are suppressed because of an involuntary confession, an invalid search warrant or some other illegality, the prosecution is not precluded from making reference at trial to the suppressed items provided that the reference is based on testimony or information properly obtained from a source independent of the illegality. *See Commonwealth v. Povish,* 479 Pa. 179, 387 A.2d 1282 (1978). Here, the victim's son testified for the Commonwealth that numerous items were missing from his father's residence including the victim's cashmere coat, his wallet, paycheck, watch, several coins and a sewing machine. This testimony was entirely independent of the evidence suppressed as the fruit of appellant's involuntary confession. Consequently, the prosecutor's reference to the coat was not improper. *See Povish.*

Appellant's challenge to the trial court's charge is based on the contention that because the underlying felony, robbery, had been dismissed and was not mentioned in a bill of indictment, the jury should not have been instructed as to the elements of second degree murder. It is well-settled that where there is no bill of information charging felony murder, the prosecution is, nevertheless, not precluded from advancing a theory that there was an underlying felony and the trial court may charge the jury as to the elements of felony murder provided it is supported by evidence adduced during trial. *See Commonwealth v. Bastone,* 466 Pa. 548, 353 A.2d 827 (1976); *Commonwealth v. Fostar,* 455 Pa. 216, 317 A.2d 188 (1974); *Commonwealth v. Hainds,* 448 Pa. 67, 292 A.2d 337 (1972). Here, the trial testimony of the victim's son provided evidence supporting the charge of robbery. Hence, appellant's claim that the trial court's instructions constituted reversible error must fail.

■ Lastly, appellant claims that the warrant authorizing the search of his person for blood, hair and fingernail samples is invalid because it was based upon his suppressed confession. This argument is meritless. The warrant was not based on appellant's confession but on information obtained from entirely independent sources which included the statement of appellant's mother when police questioned her on January 17, 1978 that he had recently been injured in a fight. In addition, police were led to appellant's residence after discovering a Christmas card and a pay stub near the victim's body, each bearing appellant's name. The murder weapon, also found near the body, had blood on its handle suggesting that it had been used by an injured person.

■ Thus, the challenged warrant was supported by probable cause derived from sources entirely independent of the suppressed confession. Because it has long been the rule that the fruit of the poisonous tree doctrine does not result in the suppression of evidence properly obtained from sources independent of the illegal activity, appellant's claims must fail. *See Povish; Commonwealth v. Thomas,* 444 Pa. 436, 282 A.2d 693 (1971).

Accordingly, the judgments of sentence imposed by the court of common pleas are affirmed.