514 A.2d 917

COMMONWEALTH of Pennsylvania

v.

Richard WILLIAMSON, Appellant.

Superior Court of Pennsylvania.

Argued March 26, 1986.

Filed Sept. 2, 1986.

---

Leo M. Kiscaden, Brockway, for appellant.

Before ROWLEY, WIEAND and DEL SOLE, JJ.

DEL SOLE, Judge:

## APPEAL AT 00875 PITTSBURGH 1985

██ The sole issue presented by Appellant for our consideration is whether the trial court erred in admitting evidence of Appellant's blood alcohol content derived from an intoxilyzer test.

Appellant objects to the admission of this evidence on the grounds that at the time the test was administered to him the Departments of Health and Transportation had not promulgated regulations concerning calibration as required by statute; and, because of the lack of regulations, the equipment used was not calibrated prior to Appellant's test.

Appellant was tested on an intoxilyzer Model 4011–AS on April 9, 1984. As stated by Appellant, at that time the Departments of Health and Transportation had not created regulations for calibration of breath testing equipment. Some nine months later such regulations were created. With regard to the calibration of equipment they provide:

> Type A alcohol breath test equipment shall be calibrated annually within 1 year of using the breath test equipment to perform an actual alcohol breath test.

67 Pa.Code § 77.26

Appellant contends the results in his case are inadmissable because the intoxilyzer was not calibrated "before the test at issue". Appellant's Brief at 6. The regulations outlined above do not require the calibration testing to be performed 1 year *prior* to the actual alcohol breath test,

but *within one year* of the test.[1] This provision is in clear contrast with the requirements for accuracy inspections which state:

> An accuracy inspection test shall be conducted on Type A alcohol breath test equipment within 30 days *prior* to using the breath test equipment to perform an actual alcohol breath test.

67 Pa.Code § 77.25

The intoxilyzer used in this case was calibrated within 1 year of the test performed on Appellant. At the suppression hearing the testing officer was questioned by Appellant's counsel. The officer testified the machine was calibrated on January 5, 1985, following the procedures set forth in the guidelines issued by the Departments of Health and Transportation. (N.T. 3–15–85 at 6.)

Since the intoxilyzer was calibrated within one year of the test performed on Appellant in accordance with the regulations developed by the Departments of Health and Transportation, and as required by statute, 75 Pa.C.S.A. § 1547(c)(1), Appellant is not entitled to the relief requested.

### APPEAL AT 00679 PITTSBURGH 1985

■ The appeal at number 00679 Pittsburgh 1985 is quashed. This appeal was taken from the denial of post-verdict motions, therefore, the trial court had the authority to disregard the filing of the notice of appeal from this interlocutory order and proceed to sentencing. *See:* Pa.R. A.P., Rules 301, 1701(b)(6), 42 Pa.C.S.A.; *Commonwealth v. Oliver,* 309 Pa.Super. 152, 454 A.2d 1128 (1983).

Appeal at No. 00679 Pittsburgh 1985, quashed.

Appeal at No. 00875 Pittsburgh 1985, affirmed.

ROWLEY, J., dissented.

WIEAND, J., concurs in the result.

---

1. We are not unmindful that these regulations, in effect, give each calibration test a two year life, the year preceding and the year following the calibration test. .We assume the drafters of the regulations intended this result.