587 A.2d 788

**COMMONWEALTH of Pennsylvania**

**v.**

**Bernard YETSICK, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 14, 1991.

Filed March 15, 1991.

616

Shelley Stark, Public Defender, Pittsburgh, for appellant.

Kevin F. McCarthy, Asst. Dist. Atty., Pittsburgh, for Com., appellee.

Before MONTEMURO, JOHNSON and CERCONE, JJ.

OPINION PER CURIAM:

This is a direct appeal from the judgment of sentence entered against appellant, Bernard Yetsick, in connection with a conviction for driving while operating privilege is suspended or revoked, DUI related, 75 Pa.C.S.A. § 1543. For the reasons that follow, we reverse.

Appellant appealed from a summary conviction which was entered on the charge set forth above. On May 8, 1990, a *de novo* bench trial which resulted in a guilty verdict was held in the Allegheny County Court of Common Pleas before the Honorable Raymond L. Scheib. Although the court set a sentencing date of June 29, 1990, appellant was actually sentenced *in absentia* by an order entered on the same date as the bench trial. Appellant was notified of this

fact via a copy of the sentencing order entered May 8, 1990 which the lower court mailed to appellant.

The lower court never advised appellant of his rights to file post-verdict motions, a motion for modification of sentence, or an appeal. Nevertheless, counsel for appellant filed a post-verdict motion on May 18, 1990 and lodged a timely appeal with this court on June 7, 1990. Despite the fact that Pa.R.Crim.P., Rule 1123, 42 Pa.C.S.A. mandates the consideration of post-verdict motions before imposing sentence, appellant's post-verdict motion was ultimately denied after a hearing held on June 29, 1990, seven seeks after the sentence was entered. The instant appeal ensued, raising the following two issues:

1. Was the evidence insufficient to convict [appellant] of driving a vehicle while under the suspension for driving under the influence insofar as that suspension period had yet to commence?

2. Did the trial court commit reversible error in failing to advise [appellant] of his post-verdict rights; to dispose of post-verdict motions before imposing sentence; to impose sentence in open court; to state reasons for the sentence on the record; and for not providing Mr. Yetsick with his right of allocution?

We shall address these contentions in order.

It is well settled that when sufficiency of the evidence claims are raised, "an appellate court must review the evidence presented and all reasonable inferences drawn therefrom in a light most favorable to the verdict winner and determine whether on the record there is a sufficient basis to support the challenged conviction." *Commonwealth v. Madison*, 501 Pa. 485, 490, 462 A.2d 228, 231 (1983) (citations omitted). The proper application of this test requires us to evaluate the entire trial record and all evidence actually received, in the aggregate and not as fragments isolated from the totality of the evidence. *Commonwealth v. Harper*, 485 Pa. 572, 576, 403 A.2d 536, 538 (1979). *See also Commonwealth v. Griscavage*, 512 Pa. 540, 517 A.2d 1256 (1986) (explicating appropriate applica-

tion of standard of review set forth in *Harper, supra*). This standard means that we must view the evidence in the light most favorable to the Commonwealth as the verdict winner, and drawing all proper inferences favorable to the Commonwealth, determine if the trier of fact could reasonably have concluded that all of the elements of the crime were established beyond a reasonable doubt. *Commonwealth v. Edwards*, 521 Pa. 134, 143, 555 A.2d 818, 823 (1989). We note that the trier of fact is free to believe all, part, or none of the evidence presented, *Griscavage, supra*, 512 Pa. at 546, 517 A.2d at 1259, and that "the Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence." *Commonwealth v. Harper, supra*, 485 Pa. at 576, 403 A.2d at 538.

The thrust of appellant's sufficiency claim is that he cannot be convicted under 75 Pa.C.S.A. § 1543(b),[1] pertaining to DUI related suspensions, in connection with his July 26, 1989 arrest, because the suspension during which he was driving in July of 1989 had not been imposed for a DUI offense. This argument fails to give adequate weight to the fact that, at the time of the arrest in question, appellant had been notified that his driving privileges would be suspended on a DUI related offense once his current suspension was complete. Appellant, the Commonwealth, and the trial court all agree that this issue is governed by *Commonwealth v. Nuno*, 385 Pa.Super. 6, 559 A.2d 949 (1989) which held that an actor is subject to the penalties of § 1543(b) throughout any current suspension or revocation, whether

1. The statute in question provides as follows:
   **(b) Certain offenses.**—Any person who drives a motor vehicle on any highway or trafficway of this Commonwealth at a time when their operating privilege is suspended or revoked as a condition of acceptance of Accelerated Rehabilitative Disposition for a violation of section 3731 (relating to driving under influence of alcohol or controlled substance) or because of a violation of section 1547(b)(1) (relating to suspension for refusal) or 3731 shall, upon conviction, be guilty of a summary offense and shall be sentenced to pay a fine of $1,000 and to undergo imprisonment for a period of not less than 90 days.
   75 Pa.C.S.A. § 1543(b).

DUI related or not, if a DUI related suspension or revocation has been imposed to begin at a future date. As the *Nuno* court stated:

We hold that when a person receives notice that their operating privilege is or will be suspended or revoked for a DUI related offense, that person is subject to the penalties of § 1543(b). That person will be subject to the penalties of § 1543(b) throughout any current suspension or revocation and any subsequent suspensions or revocations until the end of their DUI related suspension or revocation.

*Id.*, 385 Pa.Superior Ct. at 9, 559 A.2d at 951. Although appellant patently disagrees with the ruling in *Nuno*, it is binding precedent nonetheless. We therefore affirm on this issue.

Appellant next claims that he was denied a number of post-verdict rights because the trial court failed to follow the appropriate procedural rules. Specifically, appellant contends that the "mail order sentence/verdict" issued by the lower court did not comply with Rules of Criminal Procedure 63(b)(3), 86, 1405(a), and with the provisions of 42 Pa.C.S.A. §§ 9752 and 9759. Appellant further argues that the lower court's imposition of sentence prior to the disposition of post-verdict motions contravenes settled practice under Rule of Criminal Procedure 1123 and that the lower court failed to advise him of his post-verdict rights as required by Rule 1405(c). Finally, appellant avers that he was deprived of knowing the reasons for the sentence imposed because the court did not explain the sentencing rationale on the record and that he had no opportunity to be heard before he was sentenced as required by Rule of Criminal Procedure 1405(a).

It is beyond cavil that general post-verdict rules are applicable to summary cases which have been appealed *de novo* to a court of common pleas. *Commonwealth v. Adame*, 363 Pa.Super. 405, 408, 526 A.2d 408, 409–10 (1987). We note, however, that appellant has not raised these procedural defects in the court below. Nevertheless, we will not deem this issue waived because the trial court failed

to inform appellant of his post-verdict rights and improperly pronounced the verdict and sentence simultaneously by a written order made subsequent to the conclusion of the *de novo* trial. In *Commonwealth v. Hollingsworth,* a case in which the trial judge neglected to advise a defendant of her rights, our supreme court stated "[s]ince the trial judge was, pursuant to Pa.R.Crim.P. 1123, *required* to inform Appellant of her appeal rights, we hold that Appellant has not waived the substantive issues raised to the Superior Court." *Id.,* 524 Pa. 172, 177, 569 A.2d 947, 949 (1990) (emphasis in original). *See also Commonwealth v. Bradley,* 381 Pa.Super. 528, 554 A.2d 127 (1989) (disapproving the practice of entering sentence before a defendant has had the opportunity to file post-verdict motions, particularly where the accused has not been apprised of his rights); *Commonwealth v. Hurst,* 367 Pa.Super. 214, 532 A.2d 865 (1987) (explaining that the pronouncement of the verdict and the sentence simultaneously is improper because a defendant must be permitted to file timely post-trial motions after the verdict is rendered but before sentence has been imposed); *Commonwealth v. Eliason,* 353 Pa.Super. 321, 509 A.2d 1296 (1986), *allocatur denied,* 517 Pa. 592, 535 A.2d 81 (1987) (rejecting the improper practice of pronouncing the verdict and the sentence simultaneously). *But see Commonwealth v. Shinn,* 368 Pa.Super. 436, 534 A.2d 515 (1987), *allocatur denied,* 519 Pa. 659, 546 A.2d 621 (1988) (defendant was not prejudiced by the trial court's error in imposing sentence prior to filing and disposition of post-trial motions where defendant was permitted to file post-trial motions *nunc pro tunc* and where trial court's opinion addressed the arguments raised in post-trial motions).

The prosecution concedes that *Commonwealth v. Ragoli,* 362 Pa.Super. 390, 524 A.2d 933 (1987) and *Commonwealth v. Adame, supra,* require the courts of common pleas to comply with the Rules of Criminal Procedure in cases where a summary conviction has been appealed for a trial *de novo.* However, the Commonwealth contends that it makes no

622

difference in the instant case whether the correct procedure was followed because the lower court imposed a mandatory sentence pursuant to 75 Pa.C.S.A. § 1543(b), the provisions of which have been set forth at note 1 *supra.* In this context, the Commonwealth also asserts that appellant has not been prejudiced because he actually filed timely post-verdict motions, although never informed of his right to do so by the lower court.

■ It well may be, as the Commonwealth argues, that the likely result in appellant's case would have been the same had the lower court conformed to the appropriate rules. We cannot, however, agree that the Rules of Criminal Procedure are rendered moot or inapplicable either because a mandatory sentence is involved or because trial counsel is experienced enough to protect his client by filing post-verdict motions where the trial court has neglected to inform the defendant of his rights. We are fully cognizant of the heavy burden shouldered by a trial judge confronted with a substantial summary conviction list. *See Commonwealth v. Bradley, supra,* concurring opinion by Olszewski, J. (discussing the difficulties experienced by a trial judge faced with a crowded docket of appeals from summary convictions). However, this court is simply not free to ignore the rights of those who have been convicted of a crime. Nor may we encourage the courts of common pleas to do so.

■ *Commonwealth v. Ragoli, Commonwealth v. Adame,* and the instant case have all presented this court with an identical problem: the repeated failure of the Allegheny County Court of Common Pleas to accord full procedural due process to defendants who appeal from summary convictions. As we stated in *Commonwealth v. Adame,*

the type of "mail-order-verdict/sentence" issued by the court below is at odds with those stated principles so cherished in our judicial system, *i.e.,* to have hearings, proceedings, sentencings and trials conducted in an open forum and of record. These precepts are lacking as to

the manner and method in which the verdict and sentence were issued.

*Id.*, 363 Pa.Super at 409, 526 A.2d at 410. We note additionally that the Pennsylvania Supreme Court has specifically affirmed the right of allocution, holding that one who stands convicted of a crime and who is denied an opportunity to address the sentencing court need not demonstrate prejudice thereby. *Commonwealth v. Thomas,* 520 Pa. 206, 208, 553 A.2d 918, 919 (1989). Although the impact of allocution is arguably lessened where a mandatory minimum sentence is involved, as an intermediate appellate court, we are unwilling to interpret *Thomas* as curtailing a defendant's right to allocution under such circumstances. Simply stated, the American system of jurisprudence reserves for the accused the decision to exercise a right and does not give that prerogative to the trial judge.

■ In light of the procedural shortcomings of this case, we follow the precedent established by *Commonwealth v. Ragoli* and *Commonwealth v. Adame, supra,* and vacate the sentence imposed below. We remand with directions that the trial court enter a finding of guilty or not guilty in accordance with accepted practice in this Commonwealth. If the verdict is guilty, the trial court is directed to impose sentence in compliance with the appropriate procedural rules.

The judgment of sentence is vacated and the case is remanded for resentencing. Jurisdiction is relinquished.

JOHNSON, Judge, concurring.

I agree with my learned colleagues that the evidence was, indeed, sufficient to convict Bernard Yetsick of driving a motor vehicle while his operating privileges were under suspension, DUI related. I also agree that our Supreme Court has recently affirmed the mandatory requirement upon sentencing judges to permit allocution. *Commonwealth v. Thomas,* 520 Pa. 206, 553 A.2d 918 (1989). I therefore agree that a remand for resentencing is required.

In this case, where we have addressed the only substantive issue raised by Yetsick and where the sentence upon a finding of guilt under 75 Pa.C.S. § 1543(b) is mandatory, I would not conclude that this case should otherwise be remanded. Yetsick did file timely post-verdict motions and the only issue raised in those motions was briefed and argued in the trial court. My colleagues are affording Yetsick more relief than he has sought, assuming the correct resolution by the trial court of the only substantive issue.

Yetsick asks that the case be remanded only for resentencing if the guilty verdict was without error. My colleagues would seemingly remand for the re-entry of the guilty verdict and the re-enactment of all proceedings that normally flow thereafter. Therefore, I can only concur.