## Commonwealth v. Marron

*Lynn Snyder, assistant district attorney,* for the Commonwealth.
*Randall C. Schauer,* for defendant.

SHENKIN, *J.,* June 25, 1991—On September 5, 1990, after a nonjury trial following defendant's appeal from his summary criminal conviction, we found defendant guilty of a violation of section 1543(b) of the Vehicle Code.[1] Defendant timely filed a motion in arrest of judgment raising two issues. First, defendant argues that the evidence was insufficient to sustain the verdict because there was insufficient proof that the record of operating privileges submitted as exhibit C-1 was the record pertaining to this defendant. Second, defendant argues

---

1. "Any person who drives a motor vehicle on any highway or trafficway of this Commonwealth at a time when their [sic] operating privilege is suspended or revoked as a condition of acceptance of Accelerated Rehabilitative Disposition for a violation of section 3731 (relating to driving under influence of alcohol or controlled substance) or because of a violation of section 1547(b)(1) (relating to suspension for refusal) or 3731 shall, upon conviction, be guilty of a summary offense and shall be sentenced to pay a fine of $1,000 and to undergo imprisonment for a period of not less than 90 days."

that he could not be convicted of a violation of section 1543(b) because at the time of the instant offense whereas his license was admittedly under suspension, that suspension was for reasons other than those enumerated in section 1543(b). Defendant acknowledges that he is subject to a suspension on a conviction for driving under the influence of alcohol (one of the offenses which renders section 1543(b) applicable) but that suspension will not go into effect until January 6, 2001. Until that time defendant's license will be under suspension for a variety of other offenses.

Defendant argues that exhibit C-1 was insufficiently proven to be the driving record applicable to this defendant. Defendant's sole argument in that regard is that the exhibit lists an address in Exton, Pennsylvania and the citation lists an address in Malvern, Pennsylvania.[2] On cross-examination the arresting officer stated that he listed the Malvern address because this defendant had supplied that address to this officer on a previous occasion. Furthermore, the officer testified that he sent for a certified copy of the records of this defendant and that in fact exhibit C-1 was the certified driving record of this defendant. The exhibit, which was admitted into evidence without objection, has substantially more identifying information than just an address. It contains an exact name (which not just coincidentally is the exact name of this defendant), a driver's license number, a specific date of birth and

2. In this case we have no difficulty in finding that the driving record in question was proved beyond a reasonable doubt to be that of the defendant. But even if that were not so, it is questionable if defendant could use the allegedly incorrect address as any defense, since it is defendant's obligation to keep PennDOT informed of his correct address. See *Commonwealth v. Heckman,* 404 Pa. Super. 335, 590 A.2d 1261 (1991).

other identifying matter, from all of which the officer could determine to whom the driving record applied. We find the officer's testimony to be totally credible and since the exhibit had more than sufficient information from which the officer could identify the person to whom the driving record applied, we find that exhibit C-1 was proven beyond a reasonable doubt to be the driving record of this defendant.[3]

---

3. Although not contained in the motion in arrest of judgment, in oral argument at the close of trial, before the verdict was rendered, defendant also made mention of the necessity of proving that defendant had actual notice of his suspension. See *Commonwealth v. Kane,* 460 Pa. 582, 333 A.2d 925 (1985). Counsel presumably concluded that there were sufficient additional factors in this case to permit the finding that defendant had actual notice of his suspension and, therefore, this issue was not raised in the post-trial motions. However, we note that in the *Kane* case the *only* proof that the defendant had actual notice of his suspension was the statement in the defendant's driving record that a notice of suspension had been mailed to the defendant. In this case defendant's driving record does indeed contain that same information, indicating that official notice of the revocation of this defendant's driving privileges for a violation of section 3731 of the Vehicle Code was mailed to the defendant July 14, 1988. However, in this case there is considerable additional evidence that appellant received notice of this suspension. "When notice is mailed to the [defendant] *and additional evidence exists* indicating that [defendant] received notice of suspension, then the evidence can be sufficient to prove actual notice." *Commonwealth v. Gray,* 356 Pa. Super. 299, 514 A.2d 621 (1986) (emphasis supplied), citing *Commonwealth v. Burkett,* 300 Pa. Super. 72, 445 A.2d 1304 (1982). Among other things, at the time this defendant was stopped for this particular offense, he acknowledged to the arresting officer that his driver's license was under suspension. Furthermore, Mr. Marron was specifically aware of the suspension for a violation of Vehicle Code section 3731 because he stated to the arresting officer that the DUI-related suspension would not come into effect for several years, apparently anticipating the second point raised on behalf of defendant in these post-trial motions.

The second point raised by defendant in his motion in arrest of judgment is that at the time of the offense in this case his driving privileges were under suspension for reasons other than the violations of Vehicle Code section 3731. That suspension does not come into effect until January 6, 2001. Therefore, defendant argues, subsection *(b)* of Vehicle Code section 1543 is not applicable. This precise issue has been addressed in the cases of *Commonwealth v. Nuno*, 385 Pa. Super. 6, 559 A.2d 949 (1989), and *Commonwealth v. Yetsick*, 402 Pa. Super. 615, 587 A.2d 788 (1991).[4] Both of these cases hold directly contrary to the position of defendant. In *Commonwealth v. Yetsick, supra*, the defendant's driving privileges were under suspension when he was convicted of a DUI-related offense. The defendant Yetsick was then notified that his driving privileges would be suspended on the DUI-related offense once his current suspension was complete. While Mr. Yetsick was serving the prior suspension and before the suspension for the DUI-related offense had gone into effect, Mr. Yetsick was caught operating a motor vehicle. Mr. Yetsick then argued, as does defendant in this case, that he cannot be convicted of a violation of section 1543(b) of the Vehicle Code because at the time he was operating his motor vehicle his suspension on a

---

Whatever the legal effect might be of the fact that the DUI-related suspension is not scheduled to go into effect until the year 2001, defendant's statement is more than sufficient to prove that he had actual notice of the status of his driving record at the time he was operating a motor vehicle on November 21, 1989.

4. Although judgment of sentence was vacated in this case, it was for an error in *sentencing procedures* only and the conviction itself was upheld.

DUI-related offense had not yet gone into effect. The ruling in the *Yetsick* case is equally applicable to this case:

"[T]his issue is governed by *Commonwealth v. Nuno,* 385 Pa. Super. 6, 559 A.2d 949 (1989), which held that an actor is subject to the penalties of section 1543(b) throughout any current suspension or revocation, whether DUI-related or not, if a DUI-related suspension or revocation has been imposed to begin at a future date. As the *Nuno* court stated:

" 'We hold that when a person receives notice that their operating privilege is or will be suspended or revoked for a DUI-related offense, that person is subject to the penalties of section 1543(b). That person will be subject to the penalties of section 1543(b) throughout any current suspension or revocation and any subsequent suspensions or revocations until the end of their DUI-related suspension or revocation.' *Id.* at 9, 559 A.2d at 951." *Yetsick, supra.*

For the foregoing reasons, defendant's post-trial motions must be denied and we therefore enter the following

## ORDER

And now, June 25, 1991, upon consideration of defendant's motion in arrest of judgment, defendant's motion is denied. The court administrator is directed to schedule this matter for sentencing on the first available date.