640 A.2d 908

**COMMONWEALTH of Pennsylvania**

**v.**

**John J. BUCKSHAW, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 10, 1994.

Filed March 21, 1994.

John J. Buckshaw, appellant, pro se.

Sandra Preuhs, Asst. Dist. Atty., Pittsburgh, for Commonwealth, appellee.

Before McEWEN, DEL SOLE and MONTGOMERY, JJ.

DEL SOLE, Judge:

These appeals come before the court following a convoluted procedural history evolving from the Appellant's conviction in connection with two violations of the Pennsylvania Vehicle Code.

John J. Buckshaw appealed his summary conviction after a district justice found him guilty of driving while his license was under suspension, 75 Pa.Cons.Stat.Ann. § 1543(a), and operating a motor vehicle with an expired registration, 75 Pa.Cons.Stat.Ann. § 1301(a). The Court of Common Pleas of Allegheny County held a de novo bench trial on May 24, 1990, for which Appellant failed to appear. Consequently, Appellant was again found guilty and fined $295.00 plus costs. Appellant was sentenced in absentia that same day by an order of the Court of Common Pleas of Allegheny County. Notice of the conviction and sentence were sent to Appellant on May 25, 1990.

Following adverse adjudication and sentencing, Appellant filed post-verdict motions. Although Rule 1123 of the Pennsylvania Rules of Criminal Procedure, 42 Pa.Cons.Stat.Ann., required the consideration of post-verdict motions before imposing sentence, Appellant's post-verdict motions were ultimately dismissed when he failed to appear at a hearing scheduled for a date subsequent to the date his sentence was imposed.

At the time of Appellant's trial it was well established that general post-verdict rules were applicable to summary cases appealed de novo to a court of common pleas. *Commonwealth v. Yetsick*, 402 Pa.Super. 615, 620, 587 A.2d 788, 791 (1991); *Commonwealth v. Adame*, 363 Pa.Super 405, 408, 526 A.2d 408, 409–410 (1987). Accordingly, this court had determined that the Pennsylvania Rules of Criminal Procedure, specifically 42 Pa.Cons.Stat.Ann. Rule 1405, required the trial court to afford defendants an opportunity to file post-verdict motions prior to sentencing and, as such, made it improper to

pronounce verdict and sentence simultaneously. *Commonwealth v. Yetsick,* 402 Pa.Super. at 622–623, 587 A.2d at 792.

In the instant case it is clear that the trial court failed to conform to existing case law requiring a defendant be given the opportunity to file post-verdict motions. In such instances we would ordinarily vacate sentence and remand with directions that the trial court enter either a finding of guilty or not guilty, allowing Appellant to file post-verdict motions before sentencing if a guilty verdict was rendered. *Commonwealth v. Yetsick,* 402 Pa.Super. 615, 587 A.2d 788 (1991); *Commonwealth v. Adame,* 363 Pa.Super. 405, 526 A.2d 408 (1987); *Commonwealth v. Ragoli,* 362 Pa.Super. 390, 524 A.2d 933 (1987).

However, since the time of Appellant's trial, new Rule 1410 of the Pennsylvania Rules of Criminal Procedure has been enacted. Specifically, Rule 1410(D) provides:

> "There shall be no post-sentence motion in summary case appeals following a trial de novo in the court of common pleas. The imposition of sentence immediately following a determination of guilt at the conclusion of the trial de novo shall constitute a final order for purposes of appeal."

42 Pa.Cons.Stat.Ann. Rule 1410(D) (1994). Amended Rule 1410 is only effective in cases in where the determination of guilt occurred on or after January 1, 1994. The new rule eliminates prior procedural requirements concerning the filing of post-verdict motions in summary cases.

Although we recognize that Rule 1410 was not applicable at Appellant's original trial and sentence, it would be fruitless to remand the case at this point for the trial court to proceed with the employment of the same procedure which it originally used. The procedure in effect prior to January 1, 1994, requiring the filing of post-verdict motions after the verdict was rendered but before the sentence was imposed, was both inefficient and burdensome for litigants and judges alike. Through the consolidation of all possible motions submitted for trial court review, the judicial system is relieved of conforming to excessive procedural burdens which significantly

inhibit the trial court's ability to promptly dispose of the numerous pressing issues emanating from already over-crowded dockets.

Because new Rule 1410(D) of the Pennsylvania Rules of Criminal Procedure, which directs that the imposition of verdict and sentence be conducted simultaneously at the conclusion of a trial de novo would be applicable on remand of this matter, we deem it best to ignore the procedural irregularity which occurred in this case. Thus, in the interest of judicial economy to now address the various contentions raised in Appellant's pro se appeal.

■ Appellant contends that the trial court erred in denying his request for a continuance to file amended post-verdict motions and obtain legal representation. Appellant requested and was in fact granted several continuances as a result of his alleged difficulties in scheduling. The court ultimately denied Appellant's request for a fourth continuance. However, rather than appear for the scheduled hearing, Appellant randomly filed an appeal from the court's denial of his request for a continuance and did not attend the hearing. The denial of a fourth continuance by the court did not constitute an appealable order. *Pugar v. Greco,* 483 Pa. 68, 73–74, 394 A.2d 542, 545 (1978). The Court of Common Pleas' denial of Appellant's fourth continuance neither ended the litigation nor disposed of the case entirely. Therefore, the trial court had full authority to disregard Appellant's filing of the notice of appeal from the interlocutory order denying the continuance. *Commonwealth v. Williamson,* 356 Pa.Super. 397, 399, 514 A.2d 917, 919 (1986).

■ Appellant further contends that the Court of Common Pleas acted erroneously by conducting the trial de novo in his absence. However, as set forth in Rule 1117(a) of the Pennsylvania Rules of Criminal Procedure, 42 Pa.Cons.Stat.Ann., Appellant's absence without cause did not prevent the court from proceeding with the trial and rendering a verdict. *Commonwealth v. Vianello,* 337 Pa.Super. 148, 150, 486 A.2d 525, 526 (1984). Nonetheless, Appellant was not precluded from

attempting to demonstrate post-verdict that his absence was based on good cause. *Commonwealth v. Doleno,* 406 Pa.Super. 286, 290, 594 A.2d 341, 343 (1991). Appellant requested and was granted three continuances for post-verdict hearings and then failed to appear at the final hearing after being denied a request for yet another continuance. Appellant failed to assert any valid reason in his pro se appeal to this court explaining his habitual absence from all formal court proceedings held to resolve the issues in controversy. Thus, Appellant failed to establish any error by the Court of Common Pleas of Allegheny County that would entitle him to relief.

Appellant alleges in his final contention that the claim against him should be discharged because under 42 Pa.Cons. Stat.Ann. § 5553(e), regarding judiciary and judicial procedure, the court failed to take proper action within two years after Appellant's violation of the Pennsylvania Vehicles Code. However, 42 Pa.Cons.Stat.Ann. § 5553(e) is properly interpreted as requiring any summary proceedings initiated under the Pennsylvania Vehicle Code to be disposed at the trial level within two years or not at all. Appellant was cited on January 15, 1990 and the case was effectively resolved by the denial of post-verdict motions by the court on December 7, 1990. The proceedings were properly disposed of in approximately eleven months by the Court of Common Pleas of Allegheny County.

In conclusion, we find that the Court of Common Pleas of Allegheny County acted appropriately in dismissing Appellant's post-verdict motions. Furthermore, we find no merit to the claims raised by the Appellant on appeal.

Affirmed.