**Commonwealth v. Breighner (No. 2)**

*Michael Eakin,* for the Commonwealth.
*Jean Avena,* for defendant.

SPICER, *P.J.,* November 3, 1994—We deal with expanded post-verdict motions. Viewing evidence adduced at trial in a light most favorable to the verdict winner, *Commonwealth v. Manchas,* 430 Pa. Super. 63, 633 A.2d 618 (1993), defendant, while driving east on U.S. Route 30 in Cumberland Township, Adams County, crossed the centerline into the westbound lane while cresting a hill. She then collided with an automobile being driven west by Michelle Hays, despite efforts by Ms. Hays to swerve right. Ms. Hays died as a result of injuries received in the accident. Both cars and all debris were found in the north portion of the highway.

Several people described defendant as being intoxicated both before and shortly after the accident. The decedent, on the other hand, had only a few sips of wine before her death. A passenger, Raymond Kline estimated the time of collision at 0045 hours. A blood test taken at 0155 hours showed defendant's blood alcohol concentration at .026.

Clayton R. Wilcox, Esquire, privately represented defendant through trial and the time of sentencing. Jean Arena, Esquire, then assumed stewardship of the case for purposes of appeal.

In November 1992, a member of the firm in which the district attorney is associated in the private practice of law, brought civil suit against defendant as a result of the accidental death of Ms. Hays. The district attorney then disqualified himself. This fact was brought to this court's attention November 13, 1992, as is reflected by order of that date.

The district attorney opted not to request the assistance of the Attorney General. Instead, Mr. Keefer appointed the Honorable J. Michael Eakin, District Attorney of Cumberland County, as his special assistant to prosecute this case. Mr. Wilcox twice moved to disqualify Mr.

Eakin, arguing that he also was disqualified as a matter of law. Each time, this court rejected the attempt.

After post-verdict motions were denied, indications of a switch in defense counsel were given. Ms. Arena requested, in timely manner, that a trial transcript be prepared and a copy provided her. The request was reserved for time of sentencing. Both Mr. Wilcox and Ms. Arena appeared at sentencing, at which time Mr. Wilcox supported the request. Since post-verdict motions had been litigated, the court refused the request. An appeal followed. During appeal, counsel in the civil suit ordered and paid for a transcript. It was forwarded to Superior Court, without explanation and without any action by this court.

Superior Court vacated the order of sentencing. Furthermore, that court remanded with directions to: a) provide counsel with transcripts of all proceedings; and b) allow defense counsel the opportunity of filing expanded post-verdict motions.[1]

Under rules in effect at the time, failure to pursue an issue in post-verdict proceedings amounted to a waiver of those issues. *Commonwealth v. Montalvo,* 434 Pa. Super. 14, 641 A.2d 1176 (1994). Not only was Mr. Wilcox's post-verdict brief restricted to one single issue, he expressly waived all other issues.

During discussion at sentencing about a transcript, Mr. Wilcox said that he thought Ms. Arena should be provided a transcript to understand the case. Asked by the court why he did not request a transcript for post-verdict ar-

---

1. It is always interesting to learn how appellate courts view cases when they are returned on appeal. The experience is reminiscent of the somewhat droll curse, "May you live in interesting times."

gument, he said he didn't need it for the single issue advanced.

It cannot be said that this court was parsimonious during trial proceedings. We authorized and later directed the county to pay a $2,500 fee to a defense expert, even though Mr. Wilcox technically was retained as private counsel.

Appellate action has made our refusal to provide a transcript seem unwise, to say the least, but there were reasons. Argument presented on post-verdict motions reflected earlier contentions that Mr. Eakin was disqualified as a matter of law. No attempt was made to expand this argument to reflect what occurred at trial. It appeared to this writer that defendant would have been precluded from making arguments on appeal not raised at our level.[2]

At any rate, Ms. Arena has filed supplemental post-verdict motions. She has argued that Mr. Eakin's use of two witnesses at trial showed an actual conflict of interest. Names of these witnesses were provided Mr. Eakin by Mr. Keefer's private firm. Pamela McLaughlin, a former employee at Herr Tavern, testified that she saw defendant drunk in that establishment shortly before the accident. The other was an accident reconstruction expert, Gregory Manning. Mr. Eakin also used the district attorney's staff to issue subpoenas and schedule appointments.

---

2. We understand that Rules of Criminal Procedure have been changed since the time of sentencing. Waiver does not result from failure to raise an issue in post-verdict or post-sentence motions. However, it would appear that appellate courts then dispose of all issues without remand. *Commonwealth v. Buckshaw,* 433 Pa. Super. 254, 640 A.2d 908 (1994).

Even so, there is not a lot to add to the opinion we authored and filed May 4, 1993. There have been references to the Chinese Wall. This is not a case that involves that concept. Neither Mr. Keefer, nor any member of his private firm represented defendant, nor was any information obtained from her that should not have been divulged or used against her. There was no need to insulate Mr. Eakin to prevent his acquisition or use of information garnered from or on behalf of Ms. Breighner.

Rather, this case strictly and solely involves the duty of the district attorney to seek justice. There is not the slightest hint that Mr. Eakin used questionable tactics or unreliable witnesses to gain a conviction. The testimony of both persons was relevant and straightforward. The case against defendant was overwhelming. Despite her protestations that it was decedent who crossed the line and caused the collision, all physical evidence indicated that defendant suddenly came into the westbound lane, making collision unavoidable. Ms. Breighner was not only under the influence, she was, in the words of the prosecuting officer, highly intoxicated.

Of course, the appearance of justice is a concern. We believe that no reasonable member of the public would conclude that Mr. Eakin's representation was blemished with ulterior motives. His conduct during trial was low-keyed and reasonable. He employed no histrionics, nor did he appeal to the emotion of the jury. His conduct carried absolutely no suggestion that he sought a conviction to benefit a private tort action.

Thus, we conclude, as heretofore, that defendant's convictions should not be overturned because Mr. Eakin handled the prosecution.

In judging the sufficiency of evidence, we must keep in mind that circumstances do not have to be incompatible with innocence. Nor does Commonwealth have to prove that this accident would not have occurred had defendant not have been intoxicated. *Commonwealth v. Nicotra,* 425 Pa. Super. 600, 625 A.2d 1259 (1993). Crossing into the west lane is comparable to the situation involved in *Commonwealth v. Bowser,* 425 Pa. Super. 24, 624 A.2d 125 (1993). In that case, a conviction was upheld where defendant crossed double yellow lines while negotiating a blind curve.

The situation involved in *Commonwealth v. Lenhart,* 520 Pa. 189, 553 A.2d 909 (1989), is not analogous. In that case, both cars were essentially in their own lanes (the back of defendant's car was two feet over the center line) and debris was equally scattered in both lanes.

There was no need to relate the defendant's blood alcohol concentration to the time of the accident. *Commonwealth v. Yarger,* 538 Pa. 329, 648 A.2d 529 (1994).

The attached order is entered.

ORDER

And now, November 3, 1994, supplemental post-verdict motions are dismissed. Defendant is directed to appear December 22, 1994, so that sentence may be reimposed.