## Olmstead v. PennDOT

C.P. of Bradford County, no. 95DL000360.

*Daniel J. Barrett,* for appellant.
*John V. Rovinsky,* for appellee.

SMITH, *P.J.,* December 5, 1995—This is an appeal from the Department of Motor Vehicle's suspension of appellant's operating privileges. The question presented is whether a conviction in New York State for the offense denominated "driving while ability impaired" is a conviction for an offense essentially similar to one of the offenses under the Pennsylvania Vehicle Code which carries a mandatory license suspension. The court holds that driving while ability impaired is essentially similar to driving under the influence of alcohol, 75 Pa.C.S. §3731(a)(1), and that the Department of Motor Vehicles acted according to law in suspending appellant's operating privileges.

Effective January 1, 1995, the Commonwealth of Pennsylvania, acting by and through the Secretary of the Department of Transportation, entered the Driver License Compact of 1961. The secretary was specifically authorized to do so by the Motor Vehicle Code. 75 Pa.C.S. §6146. *Pennsylvania Bulletin,* vol. 24, no. 45, p. 5609, November 5, 1994.

The Driver License Compact commands the following:

"The licensing authority . . . , for the purposes of suspension . . . of the license to operate a motor vehicle, shall give the same effect to the conduct reported, pursuant to Article III [relating to convictions in another party state], as it would if such conduct had occurred in the home state, in the case of convictions for . . . [d]riving a motor vehicle while under the influence of alcoholic beverages or a narcotic to a degree which renders the driver incapable of safely driving a motor vehicle. . . ." Driver License Compact, Article IV, section (1).

As well, the Motor Vehicle Code specifically authorizes agreements for the suspension of operating privi-

leges following the conviction in another state of offenses which are "essentially similar" to these Vehicle Code offenses which carry a mandatory suspension of operating privileges. 75 Pa.C.S. §6146(2).

The uncontroverted evidence is that appellant was convicted in New York State on June 29, 1995, of the offense of driving while ability impaired. New York State also has an offense denominated "driving while intoxicated" and appellant contends that it is this offense, and not driving while ability impaired, which is equivalent to Pennsylvania's driving under the influence of alcohol or controlled substance. 75 Pa.C.S. §3731.

Appellant contends that driving while ability impaired is a lesser offense than driving under the influence of alcohol or controlled substance.

The applicable New York statute, found in the Vehicle and Traffic Law, is as follows:

*"Section 1192. Operating a motor vehicle while under the influence of alcohol or drugs*

"(1) Driving while ability impaired. No person shall operate a motor vehicle while the person's *ability* to operate such motor vehicle is *impaired* by the consumption of alcohol. . . .

"(3) Driving while intoxicated. No person shall operate a motor vehicle while in an *intoxicated* condition. . . ." (emphasis added)

In Pennsylvania, the applicable offense of driving under the influence of alcohol or controlled substance is defined as follows:

"A person shall not drive, operate or be in actual physical control of the movement of any vehicle . . . while under the influence of alcohol to a degree which renders the person incapable of safe driving." 18 Pa.C.S. §3731(a)(1).

Significantly, "[t]he [Pennsylvania] statute does not require that a person be . . . intoxicated. . . ." *Commonwealth v. Griscavage,* 512 Pa. 540, 544-45, 517

A.2d 1256, 1258 (1986), quoting *Commonwealth v. Horn,* 395 Pa. 585, 590-91, 150 A.2d 872, 875 (1959).

"The statutory expression 'under the influence of [alcohol]' includes not only all the well known [sic] and easily recognized conditions and degrees of intoxication, but also any mental or physical condition which is the result of drinking alcoholic beverages and . . . which substantially *impairs* his judgment, or clearness of intellect, or any of the normal faculties essential to the safe operation of an automobile." *Id.* (emphasis added)

Thus, driving under the influence of alcohol or controlled substance, like driving while ability impaired, requires only impairment, not intoxication. The two offenses are substantially similar and the Department of Transportation is obligated to suspend the operating privileges of any person licensed in Pennsylvania who is convicted in New York State for the offense of driving while ability impaired. The court finds no merit to appellant's claim to the contrary.

## ORDER

And now, December 5, 1995, for the reasons set forth in the accompanying opinion, the appeal in the above is hereby denied and dismissed.