581 A.2d 239

**COMMONWEALTH of Pennsylvania**

v.

**Lola ROCHON, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 10, 1990.

Decided Oct. 17, 1990.

David S. Rudenstein, Philadelphia, for appellant.

Hugh T. Burns, Asst. Dist. Atty., Philadelphia, for Com., appellee.

Before ROWLEY, McEWEN and CERCONE, JJ.

CERCONE, Judge:

This is a direct appeal from a judgment of sentence entered after a judge sitting without a jury found appellant

guilty of aggravated assault,[1] simple assault,[2] recklessly endangering another person [3] and endangering the welfare of children.[4] For the reasons set forth below, we affirm.

■ The events underlying the instant appeal occurred on February 28, 1989. Appellant, Lola Rochon, was arrested because she beat her then seventeen-month old son,[5] immersed him in water sufficiently cold to cause hypothermia, and repeatedly held the child's head under water so that he could not breathe. Appellant's motion to suppress the statement she gave to the police at the time of her arrest was denied on August 7, 1989. She was subsequently found guilty at a bench trial of the offenses listed previously. After appellant's post-verdict motions were argued and denied, she was sentenced to serve a term of incarceration of between five and one-half (5½) and twenty (20) years. The instant timely appeal followed in which appellant raises three questions [6] for our review:

1. Is [appellant] entitled to a new trial wherein her pre-trial motion to suppress a statement was denied, where there was evidence that at the time the statement was taken, [appellant] was three months pregnant; locked in a detention room and handcuffed for over an hour before a statement was taken; was not offered food, water or bathroom privileges and wherein the entire psychological and physical atmosphere of the interrogation would have broken the

1. 18 Pa.C.S.A. § 2702.

2. *Id.* § 2701.

3. *Id.* § 2705.

4. *Id.* § 4304.

5. The record indicates that the child was born July 22, 1987.

6. Appellant has also alleged that the sentence imposed is too harsh under the circumstances of this case. This challenge to the discretionary aspects of the sentence has not been made in compliance with the pertinent procedural requirements. *See* 42 Pa.C.S.A. § 9781(b); Pa. R.A.P., Rule 2119(f), 42 Pa.C.S.A.; *Commonwealth v. Tuladziecki,* 513 Pa. 508, 522 A.2d 17 (1987). As the Commonwealth has objected to the manner in which appellant's claim was raised, we may not consider it. *See, e.g., Commonwealth v. Krum,* 367 Pa.Super. 511, 533 A.2d 134 (1987).

will of a reasonable person and did, in fact, break the will of the [appellant] in question.

2. Is [appellant] entitled to an arrest of judgment on the charges of aggravated assault and recklessly endangering another person wherein evidence at trial merely demonstrated that the [appellant] negligently placed her son in a bathtub full of water which served to greatly reduce his body temperature.

3. Is the [appellant] entitled to a new trial wherein the verdict was against the weight of the evidence on the charges of aggravated assault and recklessly endangering another person where, the evidence demonstrated that the [appellant] negligently placed her son in a bathtub full of water which served to greatly reduce his body temperature.

We shall consider these claims *seriatim.*

Appellant first argues that she is entitled to a new trial because her confession was improperly admitted into evidence. The gravamen of appellant's complaint is that the physical and psychological circumstances surrounding the statement she gave to the police in which she admitted "dunking" and beating her son rendered that statement involuntary. Our supreme court has ruled that "[t]he test for determining the voluntariness of a confession and the validity of the waiver of the right to remain silent is the totality of the attending circumstances." *Commonwealth v. D'Amato,* 514 Pa. 471, 481, 526 A.2d 300, 305 (1987). As the court explained, appropriate areas of appellate court consideration include such factors as the duration and methods of interrogation, the conditions of detention, the manifest attitude of the police toward the accused, the accused's physical and psychological state, and "all other conditions present which may serve to drain one's powers of resistance to suggestion and undermine his self-determination." *Id.,* citing *Commonwealth v. Crosby,* 464 Pa. 337, 346 A.2d 768 (1975). Additionally, we note that the following scope of review applies where a suppression court has made a determination adverse to a criminal defendant:

When we review the ruling of a suppression court we must determine whether the factual findings are supported by the record. When it is a defendant who has appealed, we must consider only the evidence of the prosecution and so much of the evidence for the defense as, fairly read in the context of the record as a whole, remains uncontradicted. Assuming that there is support in the record, we are bound by the facts as are found [sic] and we may reverse the suppression court only if the legal conclusions drawn from those facts are in error.

*Commonwealth v. D'Amato,* 514 Pa. at 482, 526 A.2d at 305.

The prosecution evidence is that appellant was initially placed in a detention room at the Sex Crimes Unit headquarters of the Philadelphia Police Department at 12:45 p.m. N.T. 8/7/89 at 94. The interior of the room was in the full view of a police officer. *Id.* at 112. Appellant was seated on a bench in the detention room with one wrist handcuffed to a bar below the bench. *Id.* at 115. She was interviewed shortly after 2:00 p.m., and at the time of the interview appellant was not handcuffed. *Id.* at 81–82. The interviewing officer testified that appellant was never struck, that she was not threatened, and that no promises or inducements were offered in exchange for her statement. *Id.* at 85–88. The officer recalled no requests by appellant for water, food or bathroom privileges. *Id.* at 109–113. The officer also testified that these would have been provided if requested.[7] *Id.* After appellant executed a written waiver of rights and gave a signed statement, the interview concluded at 2:45 p.m. *Id.* at 87.

Appellant now contends that her will was "worn away" during her two-hour wait in the detention room. Although appellant's brief states that she was shackled, the Commonwealth's evidence does not support this claim. The testimony introduced by the Commonwealth indicates that appel-

---

7. Although appellant testified that nobody offered her any food or water, she never indicated that she asked for food, water or bathroom privileges or that any such request was denied. N.T. 8/7/89 at 117–130.

lant was handcuffed in the detention room, but that this was not the case during her interview. *Id.* at 82, 96. Further, the officer stated that leg shackles are used only on violent prisoners. *Id.* Appellant's contention that she informed the police. that she was pregnant is belied by appellant's testimony that she spoke to no one after her arrest. *Id.* at 118. Additionally, the interviewing police officer could recall no such assertion. *Id.* at 88.

Although the above facts may indicate that appellant was not granted any marked degree of comfort while awaiting her interview, they do not support the conclusion that her statement was involuntarily made because of a coercive atmosphere. We cannot agree with appellant that a reasonable person's will would have been "worn away" during a less than two hour detention under such conditions. The record does not demonstrate that appellant failed to comprehend the questions she was asked when she signed the waiver form.[8] Appellant never indicated at that time that she was suffering from any physical impairment or required medical assistance; moreover she stated that she was not under the influence of alcohol or narcotic drugs. *See Commonwealth v. Carter,* 377 Pa.Super. 93, 546 A.2d 1173 (1988), *allocatur denied,* 523 Pa. 630, 564 A.2d 1259 (1989) (voluntariness of confession was supported by the evidence where, at the time defendant executed the waiver form, he understood police officers, did not indicate that he was having any problems with his physical condition or that any medical problem was bothering him, and he did not indicate that he was under the influence of any alcohol or drugs during the course of his interview).

In light of the information contained in the pre-sentence report, we find appellant's contention that she only gave her statement because of naivete regarding the investigative process to be disingenuous at best. The pre-sentence report discloses that appellant's adult criminal record includes

---

**8.** At trial, appellant specifically stated that she understood the form at the time she signed it. She also demonstrated her ability to read and understand written English. N.T. 8/7/89 at 124, 128.

eleven arrests prior to her detention in connection with the instant case. The suppression court was free to reject appellant's characterizations of her interview as incredible, and properly did so. *See Commonwealth v. McFadden,* 384 Pa.Super. 444, 559 A.2d 58 (1989), *allocatur denied,* 524 Pa. 595, 568 A.2d 1246 (1989) (wherein the suppression court rejected appellant's testimony of intimidation and physical violence, and found the voluntariness of appellant's confession was supported by the record, the confession was properly admitted). *See also Commonwealth v. D'Amato, supra* (confession given after fifty hours in custody was voluntary where defendant was advised of his *Miranda* rights prior to making statement and accused was not mistreated while in police custody).

The second issue raised by appellant is a challenge to the sufficiency of the evidence introduced at trial with regard to the charges of aggravated assault and recklessly endangering another person.[9] It is well settled that when sufficiency of the evidence claims are raised, "an appellate court must review the evidence presented and all reasonable inferences drawn therefrom in a light most favorable to the verdict winner and determine whether on the record there is a sufficient basis to support the challenged conviction." *Commonwealth v. Madison,* 501 Pa. 485, 490, 462 A.2d 228, 231 (1983) (citations omitted). The proper application of this test requires us to evaluate the entire trial record and all evidence actually received, in the aggregate and not as fragments isolated from the totality of the evidence. *Commonwealth v. Harper,* 485 Pa. 572, 576, 403 A.2d 536, 538 (1979). *See also Commonwealth v. Griscavage,* 512 Pa. 540, 517 A.2d 1256 (1986) (explicating appropriate application of standard of review set forth in *Harper, supra*). This standard means that we must view the evidence in the light most favorable to the Commonwealth as the verdict winner, and drawing all proper inferences favorable to the

9. As the Commonwealth correctly points out, appellant has not questioned the sufficiency of the evidence relating to simple assault and endangering the welfare of children.

Commonwealth, determine if the trier of fact could reasonably have concluded that all of the elements of the crime were established beyond a reasonable doubt. *Commonwealth v. Edwards*, 521 Pa. 134, 143, 555 A.2d 818, 823 (1989). We note that the trier of fact is free to believe all, part, or none of the evidence presented, *Griscavage, supra*, 512 Pa. at 546, 517 A.2d at 1259, and that "the Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence." *Commonwealth v. Harper, supra*, 485 Pa. at 576, 403 A.2d at 538.

An accused is guilty of aggravated assault if he attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life. 18 Pa.C.S.A. § 2701(a)(1). A person is guilty of recklessly endangering another person if he recklessly engages in conduct which places or may place another person in danger of death or serious bodily injury. *Id.* § 2705. The Crimes Code defines "serious bodily injury" as "bodily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." *Id.* § 2301.

In the instant case, the evidence introduced at trial demonstrated that appellant became angry with her seventeen month old son for soiling his diaper. N.T. 8/7/89 at 19–31. She first struck her child with a sneaker, then with a belt and after that announced "I'm going to cool this m——r f——r off." *Id.* Following this remark, appellant forcibly and repeatedly immersed the little boy in water while telling him to "swim, bitch, swim." *Id.* at 33–35. Despite the child's struggles to escape, appellant did not stop this torture until her victim became cyanotic and turned purple from cold. *Id.* at 36, 63; N.T. 8/8/89 at 29. When the child was permitted to leave the bathtub, he staggered and was unable to stand up. N.T. 8/7/89 at 36–39.

Dr. Schlitt, the attending emergency physician who treated the child testified that the immersion in water had drastically lowered the victim's core body temperature and rendered him hypothermic. N.T. 8/8/89 at 18–21. Despite appellant's argument to the contrary, Dr. Schlitt's testimony is quite clear that the abuse inflicted was in actuality life threatening. *Id.* at 35–37. Additionally, Dr. Schlitt specifically rejected appellant's theory that her son's condition was merely the result of a careless bath. *Id.* at 38–40, 49–50.[10]

 We find appellant's claim that she was merely exercising her right to administer corporal punishment to be totally inapposite. The statute governing the corporal punishment of minor children specifically excludes conduct that may create a substantial risk of death.

The use of force upon or toward the person of another is justifiable if ... the force used is not designed to cause or known to create a substantial risk of causing death, serious bodily injury, disfigurement, extreme pain or mental distress or gross degradation.

18 Pa.C.S.A. § 509(1)(ii). Contrary to appellant's contentions, her admission of stupidity and impatience is not enough to negate the lower court's finding that she placed her child in danger of death. In light of the above outlined facts, we hold that the trial court correctly found the evidence sufficient to demonstrate the elements of both aggravated assault and recklessly endangering another person. We therefore can grant appellant no relief on this claim.

 Finally, appellant argues that she is entitled to a new trial as the verdict was against the weight of the evidence. We note initially that our scope of review for such a claim is very narrow. *Commonwealth v. Hamilton,*

**10.** The emergency room physician also testified that he found evidence consistent with a finding that the child had experienced recent physical violence. The child had fresh abrasions on the left side of his face, in particular on his left ear, his left cheek and underneath his right nostril. N.T. 8/8/89 at 30–33. The victim also displayed older evidence of trauma on his back, his rear end and on his foot. *Id.*

376 Pa.Super. 404, 414, 546 A.2d 90, 95 (1988), *allocatur denied*, 521 Pa. 629, 558 A.2d 531 (1989). The determination of whether to grant a new trial because the verdict is against the weight of the evidence rests within the discretion of the trial court, and we will not disturb that decision absent abuse of discretion. *Commonwealth v. Pronkoskie*, 498 Pa. 245, 251, 445 A.2d 1203, 1206 (1982); *Commonwealth v. Hunter*, 381 Pa.Super. 606, 618, 554 A.2d 550, 555 (1989). Where issues of credibility and weight of the evidence are concerned, it is not the function of the appellate court to substitute its judgment based on a cold record for that of the trial court. *Commonwealth v. Paquette*, 451 Pa. 250, 257, 301 A.2d 837, 841 (1973); *Commonwealth v. Hamilton, supra*, 376 Pa.Super. at 414, 546 A.2d at 95–96. The weight to be accorded conflicting evidence is exclusively for the fact finder, whose findings will not be disturbed on appeal if they are supported by the record. *Commonwealth v. Zapata*, 447 Pa. 322, 290 A.2d 114 (1972). A claim that the evidence presented at trial was contradictory and unable to support the verdict requires the grant of a new trial only when the verdict is so contrary to the evidence as to shock one's sense of justice. *Id.; Commonwealth v. Hunter, supra; Commonwealth v. Saksek*, 361 Pa.Super. 173, 522 A.2d 70 (1987). *See also Commonwealth v. Wallace*, 522 Pa. 297, 315, 561 A.2d 719, 728 (1989) (*citing Commonwealth v. Nelson*, 514 Pa. 262, 271, n. 3, 523 A.2d 728, 733, n. 3 (1987), *cert. denied*, 484 U.S. 928, 108 S.Ct. 293, 98 L.Ed.2d 253 (1987) (under ordinary circumstances, an appellate tribunal should not entertain a challenge to the weight of the evidence since their examination is confined to the "cold record")). *See also Commonwealth v. Jenkins*, 396 Pa.Super. 395, 578 A.2d 960 (1990) and *Commonwealth v. McLean*, 396 Pa.Super. 23, 578 A.2d 4 (1990) (explaining that a challenge to the weight of the evidence is reviewable by the Superior Court). We have carefully scrutinized the entire record and have found no basis on which to grant relief to appellant on this claim.

Judgment of sentence affirmed.