J-S69035-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JENNIFER LYNN HENRY, | |
| Appellant | No. 550 MDA 2016 |

Appeal from the Judgment of Sentence March 17, 2016
in the Court of Common Pleas of Adams County
Criminal Division at No.: CP-01-CR-0000694-2015

BEFORE:  STABILE, J., DUBOW, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                          **FILED OCTOBER 20, 2016**

Appellant, Jennifer Lynn Henry, appeals from the judgment of sentence imposed on March 17, 2016, following her non-jury conviction of four counts of driving under the influence (DUI),[1] possession of a small amount of marijuana,[2] possession of drug paraphernalia,[3] operating a vehicle without required financial responsibility,[4] disregard for traffic lanes,[5]

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 75 Pa.C.S.A. §§ 3802(d)(1)(i), (ii), (iii) and d(2).

[2] 35 P.S. § 780-113(a)(31)(i).

[3] 35 P.S. § 780-113(a)(32).

[4] 75 Pa.C.S.A. § 1786(f).

and careless driving.[6]  Appellant's counsel has filed a brief and a petition to withdraw under ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009), alleging that the appeal is wholly frivolous.  We affirm the judgment of sentence and grant counsel's request to withdraw.

On May 9, 2015, at approximately 12:48 a.m., Pennsylvania State Trooper George Jones was on routine patrol in Adams County when he saw a car, later determined to be driven by Appellant, make an abrupt swerve. (***See*** N.T. Suppression Hearing, 10/19/15, at 5-9, 11).  Trooper Jones had received training and certification in detecting intoxicated drivers and had arrested approximately seventy drivers for DUI.  (***See id.*** at 6-7).  Knowing that such abrupt swerves were a sign of impairment, Trooper Jones attempted to close the gap between himself and Appellant's vehicle to observe her driving behavior.  (***See id.*** at 8).  Trooper Jones witnessed the vehicle weaving within the lane, drifting to and from the fog line and going over the double yellow line.  (***See id.*** at 9-10).  At that point, Trooper Jones initiated a traffic stop, believing that the erratic driving was a sign of intoxication.  (***See id.*** at 9-10).

_____

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯⎯

[5] 75 Pa.C.S.A. § 3309(1).

[6] 75 Pa.C.S.A. § 3714(a).

When Trooper Jones made contact with Appellant, he smelled marijuana and observed her eyes were "glossy and bloodshot and I noticed her tongue actually was green." (*Id.* at 11). Trooper Jones administered field sobriety tests to Appellant, who performed poorly. (*See* Stipulations of Fact for January 12, 2016 Non-Jury Trial, 1/12/16, at 2). Appellant consented to a search of her vehicle, and in her purse, which was on the passenger seat, Trooper Jones found a smoking device with marijuana residue, a baggie with a small amount of marijuana, and two cigarettes laced with marijuana. (*See id.* at 2-3). Trooper Jones arrested Appellant and transported her to the hospital for chemical testing; Appellant consented to the chemical tests. (*See id.* at 3). Appellant's blood tested positive for Dihydrocodiene/Hydrocodol, Diazepam, Nordiazepam, Alprazolam, marijuana, Codeine, and Hydrocodone. (*See id.* at 4).

On August 19, 2015, the Commonwealth filed a criminal information charging Appellant with DUI and related offenses. (*See* Information, 8/19/15, at unnumbered pages 1-2). On September 23, 2015, Appellant filed a motion to suppress. A hearing took place on October 19, 2015. At issue at the hearing was whether Trooper Jones stopped Appellant on suspicion of DUI, which only required reasonable suspicion to justify the stop or for erratic driving, which required probable cause. (*See* N.T. Suppression Hearing, 10/19/15, at 3-4). Trooper Jones testified throughout the hearing that Appellant's erratic driving led him to believe that she was driving under

the influence. (***See id.*** at 8, 10, 18, 21-22). However, on cross-examination, Trooper Jones admitted that, in his written report, drafted on the day of the incident, he did not state that he stopped her on suspicion of DUI but rather for erratic driving. (***See id.*** at 16-17).

On October 23, 2015, the trial court denied Appellant's motion to suppress. The trial court specifically found that Trooper Jones had "pointed to specific and articulable facts which led him to suspect that [Appellant might] be driving under the influence of alcohol or controlled substances." (Opinion, 10/23/15, at 5). The trial court found that Trooper Jones had sufficient reasonable suspicion to justify the traffic stop.

A stipulated bench trial took place on January 12, 2016. The trial court found Appellant guilty of DUI and the related offenses. (***See*** Order, 1/12/16, filed 1/19/16, at 1). Following receipt of a pre-sentence investigation report, on March 17, 2016, the trial court sentenced Appellant to an aggregate term of intermediate punishment of sixty months, with ninety of those days on restrictive sanctions and the remainder on restorative sanctions. (***See*** Order, 3/17/16, at 2).

On March 22, 2016, Appellant filed a post-sentence motion, arguing that the trial court should have applied the probable cause standard rather than the reasonable suspicion standard to the motor vehicle stop and that the evidence was insufficient to show probable cause to justify the stop of Appellant's motor vehicle. (***See*** Appellant's Post-Sentence Motion, 3/22/16,

at unnumbered pages 2-3). The trial court denied the motion on March 24, 2016.

The instant, timely appeal followed. On April 4, 2016, the trial court ordered Appellant to file a concise statement of errors complained of on appeal. *See* Pa.R.A.P. 1925(b). On April 22, 2016, Appellant filed a timely Rule 1925(b) statement. *See id.* On May 3, 2016, the trial court filed an opinion. *See* Pa.R.A.P. 1925(a).

On June 24, 2016, counsel filed a motion to withdraw in this Court. Appellant has not filed a response to counsel's motion.

On appeal, the ***Anders*** brief raises the following questions for our review:

> Whether the [trial c]ourt abused its discretion in applying reasonable suspicion instead of probable cause as the requisite standard to the stop and therefore finding the stop to be valid?

> Whether the [trial c]ourt abused its discretion in misappropriating the weight of the evidence in favor of the testimony by the officer, five months after the incident, over the police report, which was filed contemporaneously to the traffic stop?

(***Anders*** Brief, at 6).

Appellant's counsel has petitioned for permission to withdraw and has submitted an ***Anders*** brief, which is procedurally proper for counsel seeking to withdraw on direct appeal. ***See Anders***, ***supra*** at 744. Court-appointed counsel who seeks to withdraw from representing an appellant on direct appeal on the basis that the appeal is frivolous must:

> . . . (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, *supra* at 361. When we receive an *Anders* brief, we first rule on the petition to withdraw, and then review the merits of the underlying issues. *See Commonwealth v. Garang*, 9 A.3d 237, 240-41 (Pa. Super. 2010). In addition, "[p]art and parcel of *Anders* is our Court's duty to review the record to insure no issues of arguable merit have been missed or misstated." *Commonwealth v. Vilsaint*, 893 A.2d 753, 755 (Pa. Super. 2006).

In the instant matter, counsel has substantially complied with all the requirements of *Anders* and *Santiago*. Specifically, he has petitioned this Court to withdraw because he found ". . . no merit in any actual or potential issues and is hereby certifying that the appeal is frivolous." (Petition to Withdraw as Counsel, 6/24/16, at 14). In addition, after his review of the record, counsel filed a brief with this Court that provides a summary of the procedural history and facts with some citations to the record, refers to any facts or legal theories that arguably support the appeal, and explains why he believes the appeal is frivolous. (*See Anders* Brief, at 7-11). Lastly, he has attached, as an exhibit to his brief, a copy of the letter sent to Appellant giving her notice of her rights, and including a copy of the *Anders* brief and

the petition. (**See id.**, at Appendix E); **see also Commonwealth v. Millisock**, 873 A.2d 748, 751-52 (Pa. Super. 2005). As noted above, Appellant has not responded. Because counsel has substantially complied with the dictates of **Anders**, **Santiago**, and **Millisock**, we will examine the issues set forth in the **Anders** brief. **See Garang**, **supra** at 240-41.

Both of the issues raised in the **Anders** brief concern the denial of Appellant's motion to suppress. When we review a ruling on a motion to suppress, "[w]e must determine whether the record supports the suppression court's factual findings and the legitimacy of the inferences and legal conclusions drawn from these findings." **Commonwealth v. Holton**, 906 A.2d 1246, 1249 (Pa. Super. 2006), *appeal denied*, 918 A.2d 743 (Pa. 2007) (citation omitted). Because the suppression court in the instant matter found for the prosecution, we will consider only the testimony of the prosecution's witnesses and any uncontradicted evidence supplied by Appellant. **See id.** If the evidence supports the suppression court's factual findings, we can reverse only if there is a mistake in the legal conclusions drawn by the suppression court. **See id.**

The **Anders** brief first claims that the trial court erred in applying the reasonable suspicion standard, rather than the more stringent probable cause standard to the stop of Appellant's vehicle. (**See Anders** Brief, at 9). We disagree.

In Pennsylvania, the authority that addresses the requisite cause for a traffic stop is statutory; we find it at 75 Pa.C.S.A. § 6308(b), which provides:

> **(b) Authority of police officer.**—Whenever a police officer is engaged in a systematic program of checking vehicles or drivers or has reasonable suspicion that a violation of this title is occurring or has occurred, he may stop a vehicle, upon request or signal, for the purpose of checking the vehicle's registration, proof of financial responsibility, vehicle identification number or engine number or the driver's license, or to secure such other information as the officer may reasonably believe to be necessary to enforce the provisions of this title.

*Id.* This Court has further stated:

> [W]hen considering whether reasonable suspicion or probable cause is required constitutionally to make a vehicle stop, the nature of the violation has to be considered. If it is not necessary to stop the vehicle to establish that a violation of the Vehicle Code has occurred, an officer must possess probable cause to stop the vehicle. Where a violation is suspected, but a stop is necessary to further investigate whether a violation has occurred, an officer need only possess reasonable suspicion to make the stop.

*Commonwealth v. Salter*, 121 A.3d 987, 993 (Pa. Super. 2015); *see also Commonwealth v. Feczko*, 10 A.3d 1285, 1291 (Pa. Super. 2010) (*en banc*), *appeal denied*, 25 A.3d 327 (Pa. 2011) (holding police officer must have probable cause to justify stop of vehicle when investigation subsequent to stop serves no "investigatory purpose relevant to the suspected violation").

Here, Trooper Jones specifically testified that he saw Appellant's vehicle make an "abrupt swerve", and based upon his training and

experience, he was aware that such abrupt swerves "are indicative" of impaired driving. (N.T. Suppression Hearing, 10/19/15, at 6). Therefore, Trooper Jones followed Appellant's vehicle. (*See id.* at 8). While observing the vehicle, Trooper Jones saw Appellant weaving within the lane, riding the fog line, and crossing over the double yellow line. (*See id.* at 9-10). Trooper Jones stated that based upon his training and experience, these were all signs of possible intoxication or impairment. (*See id.* at 10). He reiterated that the totality of these driving behaviors, all signs of possible intoxication, led him to initiate the motor vehicle stop. (*See id.*). Thus, Trooper Jones was able to state specific and articulable facts indicating that Appellant might be driving under the influence and therefore, further investigation was required. *See Commonwealth v. Sands*, 887 A.2d 261, 271-72 (Pa. Super. 2005). Accordingly, the trial court did not err in holding that the Commonwealth was only required to prove reasonable suspicion and not probable cause to stop Appellant's motor vehicle. *See id.* The first issue does not merit relief.

In its second issue, the ***Anders*** brief challenges the weight of evidence at the suppression hearing, alleging that the trial court erred in crediting the testimony of Trooper Jones rather than his written report, which did not mention DUI, and which he wrote on the same day as the incident. (*See* ***Anders*** Brief, at 10). However, Appellant has not preserved this claim for our review.

We have long held that this Court cannot consider, in the first instance, a claim that the verdict is against the weight of the evidence. ***See Commonwealth v. Wilson***, 825 A.2d 710, 714 (Pa. Super. 2003). Here, while Appellant did file a post-sentence motion, she challenged the sufficiency of the evidence, not the weight. (***See*** Appellant's Post-Sentence Motion, 3/22/16, at unnumbered page 3). Thus, the issue is not preserved for our review. ***See Commonwealth v. Burkett***, 830 A.2d 1034, 1036 (Pa. Super. 2003).

Moreover, even if we were to address the merits of the weight of the evidence claim, it would fail.

Our scope and standard of review of a weight of the evidence claim is as follows:

> The finder of fact is the exclusive judge of the weight of the evidence as the fact finder is free to believe all, part, or none of the evidence presented and determines the credibility of the witnesses.

> As an appellate court, we cannot substitute our judgment for that of the finder of fact. Therefore, we will reverse a jury's verdict and grant a new trial only where the verdict is so contrary to the evidence as to shock one's sense of justice. A verdict is said to be contrary to the evidence such that it shocks one's sense of justice when the figure of Justice totters on her pedestal, or when the jury's verdict, at the time of its rendition, causes the trial judge to lose his breath, temporarily, and causes him to almost fall from the bench, then it is truly shocking to the judicial conscience.

> Furthermore, where the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to whether

the trial court palpably abused its discretion in ruling on the weight claim.

***Commonwealth v. Boyd***, 73 A.3d 1269, 1274-75 (Pa. Super. 2013) (*en banc*) (citation and internal quotation marks omitted). "Thus, the trial court's denial of a motion for a new trial based on a weight of the evidence claim is the least assailable of its rulings." ***Commonwealth v. Diggs***, 949 A.2d 873, 879-80 (Pa. 2008), *cert. denied*, 556 U.S. 1106 (2009) (citation omitted).

In its Rule 1925(a) opinion, the trial court explained that as the finder of fact, it "[was] free to believe or disbelieve all, part or none of the testimony. . . ." and it chose to credit Trooper Jones' testimony. (Trial Court Opinion, 5/03/16, at 5); *see **Commonwealth v. Griscavage***, 517 A.2d 1256, 1259 (Pa. 1986). "[I]t is for the fact-finder to make credibility determinations, and the finder of fact may believe all, part, or none of a witness's testimony." ***Commonwealth v. Lee***, 956 A.2d 1024, 1029 (Pa. Super. 2008), *appeal denied*, 964 A.2d 894 (Pa. 2009) (citation omitted). This Court cannot substitute our judgment for that of the trier of fact. ***See Commonwealth v. Lyons***, 79 A.3d 1053, 1067 (Pa. 2013), *cert. denied*, 134 S.Ct. 1792 (2014). This issue does not merit relief.

Appellant's issues lack merit. Further, this Court has conducted an independent review of the record as required by ***Anders*** and ***Santiago*** and finds that no meritorious issues exist.

Judgment of sentence affirmed.   Petition to withdraw as counsel granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/20/2016